# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN D. LICHTNER,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security<br>Administration,<br><br>  Defendant. | Case No. CV 11-0056-SP<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.
## INTRODUCTION

On January 12, 2011, plaintiff Martin D. Lichtner filed a complaint against defendant Michael J. Astrue, seeking a review of a denial of Disability Insurance Benefits ("DIB"). Both plaintiff and defendant have consented to proceed for all purposes before the assigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). The court deems the matter suitable for adjudication without oral argument.

A single disputed issue is presented for decision here: whether the Administrative Law Judge ("ALJ") properly evaluated plaintiff's credibility and subjective symptoms. Joint Stipulation ("JS") at 4-11, 11-16, 16.

Having carefully studied, inter alia, the parties' joint stipulation and the Administrative Record ("AR"), the court concludes that, as detailed herein, the ALJ inappropriately discounted plaintiff's credibility and his subjective complaints. Specifically, the ALJ improperly rejected plaintiff's credibility based only on the lack of supporting objective medical evidence. The court therefore remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## BACKGROUND

Plaintiff was fifty-two years old on September 30, 2003, the date he last met the insured status requirement of the Social Security Act. *See* AR at 1313, 1555. Plaintiff has a general education diploma and his past relevant work includes employment as a truck driver and a warehouse worker. *Id.* at 1269. Plaintiff alleges he is disabled due to depression, diabetes, degenerative disc disease, high blood pressure, and neuralgia of the upper and lower extremities. *Id.* at 152.

### A. Procedural History

Plaintiff has filed a total of two applications for DIB: a prior application on September 17, 2001, and the DIB application at issue herein. *See* AR at 107, 152-55. In the September 2001 application, plaintiff alleged he had been disabled since March 21, 1997 due to disorders of the back, muscle, ligament, and facia. *Id.* at 107. His application was denied initially and upon reconsideration, after which he filed a request for a hearing. *Id.* On January 14, 2003, plaintiff, represented by counsel, appeared and testified at a hearing before ALJ Dean K. Franks. *Id.* At the hearing, plaintiff requested that his application be amended to reflect a closed period of disability from November 23, 1997 to August 13, 1999, when his medical condition improved. *Id.* ALJ Franks agreed and ultimately granted plaintiff's request for benefits on March 5, 2003. *Id.* at 114. On June 13, 2003, the Appeals Council vacated that decision and issued an unfavorable decision. *Id.* at 1295.

On August 12, 2003, plaintiff filed the application for DIB at issue here, alleging that he has been disabled since November 27, 1997 due to depression, diabetes, degenerative disc disease, high blood pressure, and neuralgia of the upper and lower extremities. AR at 152. Plaintiff's application was denied initially and upon reconsideration, after which he filed a request for a hearing. *Id.* at 129-32, 133, 135-40, 141.

On May 24, 2006, plaintiff, represented by counsel, appeared and testified at a hearing before ALJ Sally C. Reason. AR at 1268-86, 1290. The ALJ also heard testimony from Gregory Jones, a vocational expert ("VE"). *Id.* at 1284-92. On July 7, 2006, the ALJ denied plaintiff's request for benefits. *Id.* at 78-83. Plaintiff requested a review of the ALJ's decision, which was denied by the Appeals Council. *Id.* at 5-7. Plaintiff then filed an action in this court (case number SA CV 08-3321-MLG) seeking review of the Commissioner's decision denying his claim, which resulted in a remand for further administrative proceedings pursuant to a stipulation for remand. *See id.* at 1326-29.

On September 9, 2009, a second hearing was held before ALJ Reason where plaintiff, represented by counsel, appeared and testified. AR at 1545-56. The ALJ again heard testimony from VE Jones. *Id.* at 1556-60. On October 8, 2009, the ALJ again denied plaintiff's request for benefits. *Id.* at 1310-19. Plaintiff filed a request for review of the October 2009 decision, which was denied by the Appeals Council. *Id.* at 1306, 1295-97. The ALJ's October 2009 decision stands as the final decision of the Commissioner.

**B.     The ALJ's Disability Analysis**

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff did not engage in substantial gainful activity during the period from March 6, 2003 through his date last insured of September 30, 2003. AR at 1313.

At step two, the ALJ found that plaintiff suffered from severe impairments

3

consisting of "a history of carpal tunnel syndrome; cubital tunnel syndrome; cervical degenerative disc disease; hypertension; diabetes mellitus; and a bipolar mood disorder." AR at 1313 (emphasis omitted).

At step three, the ALJ determined that the evidence does not demonstrate that plaintiff's impairments, either individually or in combination, met or medically equaled the severity of any listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR at 1313.

The ALJ then assessed plaintiff's residual functional capacity[1] ("RFC") and determined that he could perform light work except for: work involving "strong or sustained gripping, grasping, pushing, or pulling activities, use of vibratory tools, rapid or repetitive flexion/extension activities involving the upper extremities and neck"; or "work involving more than limited contact with co-workers or the general public." AR at 1314 (emphasis omitted).

The ALJ found, at step four, that plaintiff was unable to perform past relevant work. AR at 1318.

At step five, based upon plaintiff's vocational factors and RFC, the ALJ found that "there were jobs that existed in significant numbers in the national economy that [plaintiff] could have performed." AR at 1318 (emphasis omitted). Thus, the ALJ concluded that plaintiff was not suffering from a disability as defined by the Social Security Act. *Id.* at 1311, 1319.

---

[1]  Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

# III.
# STANDARD OF REVIEW

This court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). But if the court determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

# IV.
# DISCUSSION

Plaintiff argues that the ALJ failed to properly assess his credibility. *See* JS at 4-11. Specifically, plaintiff maintains that the ALJ failed to articulate clear and convincing reasons for rejecting plaintiff's pain and limitation testimony. *Id.* at 9.

5

Instead, plaintiff contends that the ALJ improperly discounted his credibility based solely on lack of supporting objective medical evidence. *Id.* at 7. Although the ALJ's findings are somewhat ambiguous in this regard, after carefully considering the record, the court agrees with plaintiff.

A claimant carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). But once the claimant meets that burden, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("claimant need not present clinical or diagnostic evidence to support the severity of his pain" (citation omitted)).

Instead, once a claimant has met the burden of producing objective medical evidence, an ALJ can reject the claimant's subjective complaint "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton*, 331 F.3d at 1040. The ALJ may consider the following factors in weighing the claimant's credibility: (1) his or her reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and his or her conduct; (3) his or her daily activities; (4) his or her work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, the ALJ did not find evidence of malingering. *See generally* AR at 1310-19. Thus, in rejecting plaintiff's credibility the ALJ was required to articulate clear and convincing reasons. *See Benton*, 331 F.3d at 1040. Although these reasons may include findings from the objective medical evidence, these reasons

may not be based solely on the medical evidence. Rather, where, as here,[2] the plaintiff produced sufficient medical evidence of underlying impairments that are likely to cause some degree of his alleged symptoms, the ALJ errs to the extent she rejects the plaintiff's credibility based solely upon a lack of objective findings to support his allegations. *See Bunnell*, 947 F.2d at 345 ("once [a] claimant produces objective medical evidence of an underlying impairment, [the ALJ] may not reject [the] claimant's subjective complaints based solely on a lack of objective medical

---

[2] Plaintiff here provided sufficient medical evidence of his underlying impairments – diabetes, hypertension, cervical radiculopathy, degenerative disc disease – that were likely to produce the symptoms he described. *See, e.g.*, AR at 229 (on August 13, 1999, plaintiff was diagnosed with: disc herniation syndrome; upper extremity trapezius strain; bilateral carpal tunnel syndrome; bilateral cubital tunnel syndrome; status post left upper extremity cubital tunnel release; status post carpal tunnel release, left; and status post carpal tunnel and ulnar transposition, right), 357 (January 21, 2003 treatment note indicated plaintiff's then current problems included: diabetes mellitus 2; hypertension; hyperlipidemia; bilateral carpal tunnel status post right carpal tunnel release and cubital tunnel release; chronic neck pain secondary to degenerative disc disease; facet arthropathy and chronic left C5, 6 radiculopathy with chronic neck pain C4, 5, 6, 7 disc herniation with chronic pain), 373 (on April 8, 2002, plaintiff was diagnosed with: "moderate degenerative disc disease at C4-5, and moderately severe degenerative disc disease at C5-6 and C6-7; "broad-based disc bulges at all levels, causing mild narrowing of the spinal canal, with effacement of the cerebrospinal fluid surrounding the cord, but without significant spinal canal stenosis or cord impingement"; and "[u]ncovertebral and hypertrophic facet arthropathy caus[ing] severe left C6-7, and moderately severe bilateral C5-6 neural foraminal narrowings"), 481 (May 20, 2003 treatment note listed plaintiff's then current problems as: diabetes mellitus 2; hypertension; hyperlipidemia; bilateral carpal tunnel status post right carpal tunnel release and cubital tunnel release 1998; chronic neck pain secondary to degenerative disc disease; facet arthropathy and chronic left C5-6 radiculopathy with chronic neck pain C4, 5, 6, 7 disc herniation with chronic pain), 533 (September 17, 2003 treatment note indicated plaintiff's problems included cervical radiculopathy, diabetes mellitus, and hypertension).

evidence to fully corroborate the alleged severity of pain" (citation omitted)); Social Security Ruling ("SSR") 96-7P,[3/] 1996 WL 374186, at *1 (claimant's "statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence"). This is the error apparently committed by the ALJ here.

In determining plaintiff's RFC, the ALJ found plaintiff's impairments could be expected to cause some of his alleged symptoms, but that his "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment." AR at 1316. In rejecting plaintiff's credibility, the ALJ specifically found "that the objective medical evidence does not support the alleged degree of functional limitations." *Id.* The ALJ provided a thorough analysis of the record to support her findings, but failed to state any other valid reasons for discounting plaintiff's credibility apart from the objective medical evidence. *See generally id.* at 1314-18.

There are hints, as defendant contends, that the ALJ rejected plaintiff's credibility based upon ordinary techniques of trustworthiness determination, such as contradictions between plaintiff's testimony and his conduct. *See* JS at 15 (the ALJ rejected plaintiff's credibility based upon "evidence suggesting that [p]laintiff's motivation to work was questionable"). For example, the ALJ noted that despite alleging "he is unable to work because he is depressed, has anger management issues, and does not like being around people," a Vocational Rehabilitation Note

---

[3/] "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the [Social Security Administration]. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n.1 (9th Cir. 2001) (internal citations omitted).

8

indicated that plaintiff "expressed an unwillingness to take an entry-level type of job due to being paid $15/hour at his previous job." AR at 1317 (citing AR at 898). But in the immediately following sentence, the ALJ found that "while [plaintiff's] mental impairments can be expected to cause some limitations, particularly in his ability to work around other people, the available medical evidence does not necessarily establish that he is cognitively unable to sustain some level of work activity on a continued basis." *Id.* Thus, the ALJ characterizes her reason for rejecting plaintiff's credibility as based on lack of supporting medical evidence, not inconsistencies between plaintiff's testimony and his conduct.

Defendant maintains that "[t]he ALJ also cited to inconsistencies regarding Plaintiff's reported ability to sit, stand and walk." JS at 15. But similar to above, although the ALJ noted possible inconsistencies in plaintiff's statements about his limitations, she did not clearly rely on this as a reason to reject plaintiff's credibility. Instead, the ALJ described her findings as being that plaintiff's subjective complaints of pain and limitation were not supported by objective medical evidence. *See* AR at 1317 ("allegations made by [plaintiff] and his friend, Mr. Ted Tourtas, regarding [plaintiff's] constant pain, inability to sit or stand 'for any period of time,' and inability to perform any household chores quite simply are not supported by the objective medical evidence").

Admittedly, there is some ambiguity as to whether the ALJ's rejection of plaintiff's credibility was based solely on the lack of objective medical evidence to support his alleged symptoms. Certainly the inconsistencies noted by the ALJ raise the possibility that the ALJ was not in fact solely relying on the objective medical evidence. But this court must accept the ALJ's own characterization of her findings, as the court's review is limited to the reasons for rejecting plaintiff's credibility actually provided by the ALJ in her decision. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he

9

did not rely." (citation omitted)).

Accordingly, the court finds that the ALJ failed to provide clear and convincing reasons, apart from lack of objective medical evidence, for discounting plaintiff's subjective complaints of pain and limitation.

## V.

## **REMAND IS APPROPRIATE**

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000) (decision whether to remand for further proceedings turns upon their likely utility). But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, as set out above, remand is required because the ALJ erred in failing to properly evaluate plaintiff's credibility. On remand, the ALJ shall reconsider plaintiff's subjective complaints with respect to his physical impairments and the resulting limitations, and either credit plaintiff's testimony or provide clear and convincing reasons supported by substantial evidence for rejecting them. And, if necessary, the ALJ shall obtain additional information and clarification regarding plaintiff's functional limitations. The ALJ shall then proceed through steps four and five to determine what work, if any, plaintiff is capable of performing.

# VI.
# **CONCLUSION**

IT IS THEREFORE ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter to the Commissioner for further administrative action consistent with this decision.

Dated: January 18, 2012

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE